**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HOLMAN AUTOMOTIVE GROUP, INC., a
Delaware corporation, d/b/a RED HOLMAN
PONTIAC GMC,

          Plaintiff,

v.                                                                            CASE NO. 05-72620
                                                        HON. LAWRENCE P. ZATKOFF

CAPPO MANAGEMENT XVII, INC., a
Michigan corporation, d/b/a VICTORY TOYOTA,
and CAPPO MANAGEMENT XI, INC., a Michigan
corporation, d/b/a VICTORY TOYOTA,

          Defendants.

_____/

**ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIMS**

Plaintiff filed its First Amended Complaint on September 29, 2005.  Plaintiff's Amended

Complaint contains the following four counts:

        Count I        Lanham Act Violation, 15 U.S.C. 1125;
        Count II      Violation of Michigan Consumer Protection Act, MCL 445.901;
        Count III     Defamation;
        Count IV     Tortious Interference.

The Court has subject matter jurisdiction over Plaintiff's Lanham Act claim (Count I),

because it arises under federal law.  *See* 28 U.S.C. § 1331.  Counts II through IV, however, are based

upon state law.  Although the Court has supplemental jurisdiction over state law claims pursuant to

28 U.S.C. § 1367(a), the Court may decline to exercise supplemental jurisdiction if there are

"compelling reasons for declining jurisdiction."  *See* 28 U.S.C. § 1367(c)(4).  The Court declines

to exercise supplemental jurisdiction over Plaintiff's state law claims in this matter.  The Court finds

that the contemporaneous presentation of Plaintiff's parallel state claims for relief will result in the

undue confusion of the jury.  *See* 28 U.S.C. § 1367(c)(4); *see also Padilla v. City of Saginaw*, 867

F. Supp. 1309, 1315 (E.D. Mich. 1994).

    Accordingly, IT IS ORDERED that Plaintiff's state law claims of Violation of Michigan

Consumer Protection Act (Count II), Defamation (Count III), and Tortious Interference (Count IV)

are hereby DISMISSED without prejudice.  The Court retains jurisdiction over Plaintiff's Lanham

Act claim (Count I).

    IT IS SO ORDERED.


                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated:  November 3, 2005

                              CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of
record by electronic or U.S. mail on November 3, 2005.


                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290