# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HOLMAN AUTOMOTIVE GROUP, INC., a
Delaware corporation, d/b/a RED HOLMAN
PONTIAC GMC,

                                              CASE NO. 05-72620
      Plaintiff,                    HON. LAWRENCE P. ZATKOFF

v.

CAPPO MANAGEMENT XVII, INC., a
Michigan corporation, d/b/a VICTORY TOYOTA,
and CAPPO MANAGEMENT XI, INC., a Michigan
corporation, d/b/a VICTORY TOYOTA,

      Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 8, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendant Cappo Management's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action.  Plaintiff has responded and Defendant has replied to the response.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

## II. BACKGROUND

The present action is a dispute between Plaintiff Holman Automotive, which runs the Red Holman GMC/Pontiac Dealership, and Defendant Cappo Management, which runs Victory Toyota.

On June 30, 2005, Plaintiff Holman filed a Complaint against Defendant Cappo alleging that Cappo had violated the Lanham Act by referencing the Holman name in its TV and radio commercials, wrongfully declaring that Holman was going out of business. At the same time as it filed its Complaint, Holman also filed a Motion for Preliminary Injunction against Cappo in order to prevent the use of the Holman name in future commercials. The Court scheduled a preliminary injunction hearing for July 26, 2005. Prior to the July 26, 2005 hearing, the parties informed the Court that Holman was withdrawing its Motion for Preliminary Injunction because Cappo had agreed not to run any more commercials referencing the Red Holman name. *See* July 26, 2005 Notice, Docket No. 10.

On September 9, 2005, Plaintiff Holman filed a Motion for Order to Show Cause Why Preliminary Injunctive Relief Should Not Be Granted. By this Motion, Holman renewed its request for a Preliminary Injunction and asserted that Cappo had run three new Victory Toyota advertisements on August 27, 2005 which referenced the Red Holman name and once again wrongfully declared that Red Holman was going out of business. Holman also asserted that the advertisements may have been running throughout all of August. The Court conducted a hearing on October 27, 2005 and granted Holman's Motion for Preliminary Injunction.

By the present Motion to Dismiss, Defendant Cappo argues that the Court does not have subject matter jurisdiction over the present action because the parties are not competitors and because the advertisements in question did not affect interstate commerce. Additionally, Cappo

argues that Plaintiff's Complaint fails to state a claim upon which relief can be granted because the advertisements in question are true.

### III. LEGAL STANDARD

Rule 12(b)(1) provides that a complaint may be dismissed for lack of subject matter jurisdiction. "When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff. Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Raila v. United States*, 355 F.3d 118 (2d Cir. 2004).

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. "In reviewing the motion, we must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Penny/Ohlmann/Niemann, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005).

### IV. ANALYSIS

**A. Whether Plaintiff's Amended Complaint Should be Stricken**

As an initial matter, the Court addresses Defendant Cappo's argument that Plaintiff's Amended Complaint should be stricken for failing to comply with FED. R. CIV. P. 15(a). Rule 15(a) states:

> A party may amend the party's pleading once as a matter of course at any time before
> a responsive pleading is served or, if the pleading is one to which no responsive

> pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. ***Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires***. [emphasis added.]

Defendant is correct that Plaintiff failed to secure either Defendant's or the Court's permission to amend prior to filing its Amended Complaint. Despite Plaintiff's failure to comply with the Federal Rules of Civil Procedure in this instance, the Court believes that permitting Plaintiff to amend its Complaint accords with the interests of justice and will not result in prejudice to the Defendant. Accordingly, the Court HEREBY GRANTS Plaintiff the needed permission to file its Amended Complaint.

**B. Whether the Court Lacks Subject Matter Jurisdiction**

**1. Whether Plaintiff's allegations affect "interstate commerce"**

Defendant Cappo argues that the Court lacks subject matter jurisdiction over the present action because Plaintiff's Complaint does not properly raise a Lanham Act violation pursuant to 15 U.S.C. § 1125(a). Defendant asserts that such a claim requires that the advertisement be "introduced into interstate commerce." *American Council of Certified Podiatric Physicians v. American Bd. Of Podiatric Surgery, Inc.*, 185 F.3d 606 (6th Cir. 1999). Defendant further asserts that Plaintiff Holman does not meet this standard in the present case because both parties' car dealerships are located in Michigan and because the advertisements in question were directed only to the metro Detroit area.

The Court does not agree. Though Defendant is correct that the Lanham Act may only regulate advertisements "introduced into interstate commerce," the Act itself broadly defines "commerce" to mean "all commerce which may lawfully be regulated by Congress." 15 U.S.C. §

1127. In addition, the Supreme Court has long advocated a liberal construction of the Lanham Act's "commerce" requirement. *See Steele v. Boliva Watch Co.*, 344 U.S. 280, 283 (1952).

In the present case, Plaintiff alleges that Defendant Cappo aired misleading commercials on federally regulated television and radio stations, including WDIV, WNIC, and WJR. *See* First Amended Complaint, ¶¶ 22, 33. Furthermore, Plaintiff alleges that these stations broadcast across the U.S./Canada international border as well as the Michigan/Ohio border. *See* Plaintiff's Response Brief, at 6. Plaintiff also alleges that it has out-of-state customers that purchase cars from its dealership. *See id*. Defendant has submitted no evidence to contradict these allegations. Based on Plaintiff's allegations, and reading them in the light most favorable to the Plaintiff, the Court finds that Plaintiff's claim satisfies the Lanham's Act "interstate commerce requirement," thereby giving the Court subject matter jurisdiction over Plaintiff's Complaint.

**2. Whether Plaintiff and Defendant are "competitors" pursuant to the Lanham Act**

Defendant Cappo also asserts that the Court lacks subject matter jurisdiction over Plaintiff's Complaint because Plaintiff and Defendant are not competitors pursuant to the Lanham Act. Specifically, Defendant argues that the parties are not competitors because "Plaintiff sells only GMC/Pontiac brand cars and Defendants sell only Toyota brand cars." *See* Defendant's Brief, at 1. The Court disagrees with Defendant's narrow construction of the word "competitors."

Both Plaintiff and Defendant are in the business of selling cars. Furthermore, their dealerships are both located in the Metro Detroit area. Plaintiff's Red Holman dealership is located in Westland. Defendant's Victory Toyota dealership is located in Northville. Accordingly, the Court finds that Plaintiff and Defendant are "competitors" pursuant to the Lanham Act.

**C. Whether Plaintiff's Complaint Stated a Claim Upon Which Relief May be Granted**

Lastly, Defendant asserts that Plaintiff has failed to state a claim because Plaintiff cannot show that any portion of the advertisement was false or misleading. Defendant argues that the advertisement "never use the words 'Red Holman' without the additional word 'Toyota,'" and that accordingly, the advertisements were truthful.

The Court has reviewed the advertisements in this case. The first group of advertisements, which were aired prior to the filing of the Complaint, asserted that Red Holman Toyota was going out of business. While these advertisements were literally true, they were potentially misleading to customers who might have believed that the entire Red Holman GMC/Pontiac dealership was going out of business. According to the affidavit of Lawrence Malinowski, one of the principal owners of the Red Holman dealership, the dealership has received numerous phone calls from confused consumers who believed that the entire dealership was going out of business. *See* Amended Complaint, Exhibit 2, Affidavit of Lawrence Malinowski, ¶ 11, 12. In addition to Malinowski's affidavit, Plaintiff has submitted numerous affidavits from customers asserting that they were confused by the Defendant's advertisements into believing that the Red Holman Pontiac/GMC dealership was closed. *See* Amended Complaint, Affidavits 1-27. Based on these affidavits, Plaintiff has clearly submitted sufficient evidence to raise a question of fact and to defeat Defendant's Motion to Dismiss for failure to state a claim.

In the second group of advertisements, which were aired during August of 2005, one of the advertisements stated that "Red Holman has been sold and closed forever." Amended Complaint, Exhibit 6. The Court finds that this advertisement raises a question of fact as to whether the advertisement was false. In addition, the other advertisements in this second group, while not

literally false, raise questions of fact as to whether they were misleading.

For these reasons, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) should be denied.

## V. CONCLUSION

For the above reasons, Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) is HEREBY DENIED.

IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: December 8, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 8, 2005.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290