UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLMAN AUTOMOTIVE GROUP

      Plaintiff,           CIVIL ACTION NO. 05-CV-72620-DT

vs.

                           DISTRICT JUDGE LAWRENCE P. ZATKOFF

CAPPO MANAGEMENT XVII, INC.,
et al,                       MAGISTRATE JUDGE MONA K. MAJZOUB
      Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS AND DEFAULT AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER (DOCKET # 36)

On November 22, 2005 Plaintiff filed a Motion to Compel Discovery by which it sought responses to its Request for Production of Documents dated October 3, 2005 (Docket # 24). On January 19, 2006 this Court granted Plaintiff's Motion to Compel Discovery and ordered Defendants to respond on or before February 17, 2006 (Docket # 35). Plaintiff filed a "Motion for Sanctions and Default Against Defendants for Failure to Comply with Discovery Order" on March 2, 2006 (Docket # 36). Defendants did not file a response. District Court Judge Lawrence P. Zatkoff referred said motion to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A) on March 8, 2006. All parties appeared through counsel for oral arguments on April 3, 2006. This motion is now before this Court.

* * * * * * * * *

In its motion, Plaintiff seeks responses to its Request for Production of Documents dated October 3, 2005 and asks this Court to impose sanctions upon Defendants for their failure to comply with this Court's Order dated January 19, 2006 compelling said responses. Specifically, Plaintiff asks

this Court to enter an order of default against Defendants as to the issue of liability pursuant to Federal Rules of Civil Procedure, Rule 37(b)(2)(A) and to award Plaintiff monetary compensation for reasonable costs and attorney fees incurred as a result of filing and defending the instant motion as provided in Federal Rules of Civil Procedure, Rule 37(b)(2).

At the hearing on April 3, 2006 Plaintiff indicated that on March 31, 2006 Defendant had served it with only some responses to its Request for Production of Documents and again provided more documents on the morning of the April 3, 2006 motion hearing.  Plaintiff indicated that it had not had sufficient time to review all of the recently-received documents to determine whether the documents provided were sufficiently responsive to its Request. However, Plaintiff stated that it did not believe Defendants had adequately responded to its Requests numbered 5 and 6.  Defendants conceded that they violated this Court's Order dated January 19, 2006 by not serving their responses to Plaintiff's Request by February 17, 2006 but stated that the documents provided to Plaintiff were fully responsive to its Request.  Defendants also conceded that they had failed to respond to the instant motion.

Upon consideration of Plaintiff's motion, and the oral arguments presented, the Court does **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Sanctions and Default Against Defendants for Failure to Comply with Discovery Order (Docket # 36).

The Court **DENIES** Plaintiff's motion for an order of default on the issue of liability.

The Court **GRANTS** Plaintiff's motion to compel responses to its Request for Production of Documents dated October 3, 2005.  The Court orders Defendant to supplement or amend its responses to Requests numbered 1 through 19 on or before **April 13, 2006** as follows and in a manner consistent with the discussion of record:

### Requests numbered 1 - 4 and 6 - 19:

Defendants will review their responses to Plaintiff's Requests and supplement or amend their responses as necessary.

### Request number 5 :

Defendants will supplement or amend their responses to specifically state that the only contract within Defendants' possession and control has been provided to Plaintiff and to identify that contract.  Furthermore, Defendants will supplement or amend their responses to specifically state that Defendants are not aware of the existence of any other contracts and that Defendants do not have possession of any other contracts that may exist.

NOW, THEREFORE, **IT IS HEREBY ORDERED** that Defendants will amend or supplement their responses to Plaintiff's Request for Production of Documents dated October 3, 2005, Requests numbered 1 through 19 in a manner consistent with that stated above.

**IT IS FURTHER ORDERED** that Defendants will forward said amended or supplemented responses to Plaintiff on or before **April 13, 2006** in a manner consistent with the discussion above.

**IT IS ALSO ORDERED** that Plaintiff may, **within 7 days of the date of this Order**, provide this Court with a bill of costs in conjunction with its motion for sanctions reciting the reasonable costs and attorney fees associated with the filing of the instant motion.

**IT IS SO ORDERED.**

### Notice to the Parties

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated:  April 4, 2006               s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated:  April 4, 2006                              s/ Lisa C. Bartlett
                                                              Courtroom Deputy