UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLMAN AUTOMOTIVE GROUP

        **Plaintiff,**        CIVIL ACTION NO. 05-CV-72620-DT

vs.

        DISTRICT JUDGE LAWRENCE P. ZATKOFF

CAPPO MANAGEMENT XVII,
INC., ET AL.,        MAGISTRATE JUDGE MONA K. MAJZOUB
        **Defendants.**
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS AND PLAINTIFF'S MOTION TO COMPEL (DOCKET ## 36, 44, 46)

### I.    PROCEDURAL HISTORY

On November 22, 2005 Plaintiff filed a Motion to Compel Discovery seeking responses to its Request for Production of Documents dated October 3, 2005.  This Court granted Plaintiff's Motion and ordered Defendants to respond to Plaintiff's Request on or before February 17, 2006 (Docket # 35).  No responses were filed by Defendants.  Plaintiff then filed a "Motion for Sanctions and Default Against Defendants for Failure to Comply with Discovery Order" on March 2, 2006, to which Defendants did not respond (Docket #

36).[1] Defendants conceded at a subsequent hearing that they had violated this Court's Order dated January 19, 2006 by not serving their responses to Plaintiff's Request.

On April 4, 2006 this Court granted in part and denied in part Plaintiff's Motion for Sanctions and Default Against Defendants for Failure to Comply with Discovery Order (Docket # 42). In its Order, this Court denied Plaintiff's Motion for default, ordered Defendants to amend or supplement their responses to Plaintiff's Request for Production of Documents, and ordered Plaintiff to submit a bill of costs related to its sanction motion. Plaintiff subsequently filed a Bill of Costs as ordered (Docket # 44), to which Defendants objected.

On April 17, 2006 Plaintiff filed a Motion to Compel Discovery Regarding Plaintiff's Second Request for Production of Documents and Interrogatories to Defendants (Docket # 46). Defendants responded to said Motion on May 12, 2006, stating that they had fully responded to Plaintiff's Second Request. Plaintiff then filed a supplemental brief in support of its Motion to Compel asserting that Defendants' late responses were inadequate. On May 19, 2006 Defendants subsequently filed a supplemental Response joined with a Motion for a Protective Order justifying their responses to Plaintiff's Second Request (Docket # 57).

---

[1] In the interim, Defendants also filed a Motion to Compel Discovery seeking responses to their First Request for Responses to Interrogatories and Production of Documents and sanctions against Plaintiff. Defendants' Motion will be addressed in a separate Order.

On May 22, 2006 all parties appeared through counsel for oral arguments to address Plaintiff's latest Motion to Compel. At the hearing, the parties advised the Court that they had made no attempt to resolve the discovery disputes regarding Plaintiff's Motion prior to seeking court intervention. This Court therefore ordered the parties to confer and file a joint statement regarding any remaining disputed issues presented by Plaintiff's Motion to Compel (Docket # 60). The parties subsequently complied with this Order (Docket # 63) and informed the Court that they were unable to resolve any of the issues addressed by Plaintiff's Motion.

**II.     LAW AND ANALYSIS**

    **A.     General Discovery Standards**

The Federal Rules of Civil Procedure provide for broad, liberal discovery of any information which may be relevant to a suit. The discovery rules, like all of the Rules of Civil Procedure, must "be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1; *accord North River Ins. Co. v. Greater N.Y. Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (courts should apply discovery rules in accordance with "the important but often neglected Rule 1 of the Federal Rules of Civil Procedure[.]").

Under FED. R. CIV. P. 26(b)(1), discovery may be had "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . if the

3

information sought appears reasonably calculated to the discovery of admissible evidence." The determination of "relevance" is within the court's sound discretion. *See, e.g., Watson v. Lowcountry Red Cross*, 974 F.2d 482 (4th Cir. 1992); *Todd v. Merrell Dow Pharm.*, 942 F.2d 1173 (7th Cir. 1991); *McGowan v. General Dynamics Corp.*, 794 F.2d 361 (8th Cir. 1986). In applying the discovery rules, "relevance" should be broadly and liberally construed. *Herbert v. Lando*, 441 U.S. 153 (1979); *Hickman v. Taylor*, 329 U.S. 495 (1947); *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991). "The requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms." *Miller v. Pancucci*, 141 F.R.D. 292, 294 (C.D. Cal. 1992). Additionally, "[i]n ruling on a discovery motion, a court will not determine whether the theory of the complaint is sound, or whether, if proven, would support the relief requested." 4 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 26.07[1] (2d ed. 1995); *see also Garland v. Torre*, 259 F.2d 545 (2d Cir. 1958).

General or boilerplate objections such as "overly burdensome and harassing" are improper--especially when a party fails to submit any evidentiary declarations supporting such objections. *See Burton Mechanical Contractors, Inc., v. Foreman*, 148 F.R.D. 230 (N.D. Ind. 1992); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).

"An objection to a document request must clearly set forth the specifics of the

objection and how that objection relates to the documents being demanded." *In re Priceline.com Inc. Securities Litigation*, 233 F.R.D. 83, 85 (D. Conn. 2005), citing *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996). Similarly, "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Fed. R. Civ. P. 33(b). As one court has noted "[a] party resisting discovery is swimming against a strong upstream policy current [where] [t]he policy underlying the discovery rules encourages more rather than less discovery, and discourages obstructionist tactics." *In re Texas Bumper Exchange, Inc., v. Veliz*, 2005 Bankr. LEXIS 1936 (2005).

    **B.**    **Plaintiff's Motion to Compel Discovery**

Plaintiff seeks an order compelling Defendants to respond to its Second Request for Production of Documents and Interrogatories dated February 21, 2006. Specifically, Plaintiff seeks responses to Requests for Productions of Documents numbers 1 through 18 and to Interrogatories numbers 1 through 12. These Requests concern information related to the business structure of Defendants' Victory Toyota Dealership and related business entities. Plaintiff asserts that the requested information is relevant to its damages claim whereby Plaintiff will seek disgorgement of Defendants' profits. According to Plaintiff, the requested information will assist their expert in accurately assessing Defendants' actual profits.

Defendants contend that they adequately responded to Plaintiff's Requests by properly objecting to them. In their initial responses, Defendants objected to each and every Request and Interrogatory as being irrelevant, overly broad, and burdensome. Defendants also objected to the Requests and Interrogatories because they allegedly concern confidential and proprietary information.

Defendants' blanket objections can be easily discarded as mere perfunctory objections that fail to satisfy the specificity requirements set forth by the applicable Federal Rules of Civil Procedure and related case law. As such, the Court may summarily reject Defendants objections. Parties should not assert unsupported perfunctory objections with the hope that the Court will later entertain their 'better' argument during a hearing on a motion to compel. Such a practice demonstrates a serious lack of a good faith effort in resolving discovery disputes and wastes scarce judicial resources by addressing facially meritless objections. One court has summarized this problem as follows:

> The rules do not require a hearing to be held in order for a court to pass on the legitimacy of objections to discovery. A court could, if it so chose, rule on the moving papers alone with respect to a Rule 37(a) motion to compel. *White v. Wirtz*, 402 F.2d 145, 148 (10th Cir. 1968). A party seeking to resist discovery must make its best case for doing so in its objections to the discovery itself. *See id*; *see also In re Folding Carton Antitrust Lit.*, 83 F.R.D. 260 (D.C. Ill. 1979)(citations omitted). If those objections are not facially sustainable, then the court is permitted to overrule them, and to order compliance, as the court did here. The defendant's objections to interrogatories, requests for production, and requests for admission were not

> facially sustainable. If defendant here intended to present his first, best case for resisting discovery at a hearing on a motion to compel, rather than clearly and facially in his responses to discovery, then movant failed to heed the clear warnings in the rules themselves – the objections must be clear and specific, such that they are facially sustainable, failing which they may be overruled, without further hearing. *See In re Folding Carton*, 83 F.R.D. at 264.

*In re Texas Bumper Exchange*, 2005 Bankr. LEXIS 1936 ** 8. Accordingly, this Court rejects Defendants' perfunctory objections to Plaintiff's Second Request for Production of Documents and Responses to Interrogatories.

Furthermore, the Court finds that, based upon the parties' pleadings, Plaintiff's Second Request for Production of Documents and Responses to Interrogatories are not irrelevant, burdensome or overly broad. The requested information at issue is reasonably calculated to lead to admissible evidence regarding Plaintiff's claims for damages and is narrowly drawn to permit an accurate portrayal of Defendants' business structure. Defendants claim that Plaintiff's requests are not relevant because Plaintiff's cannot, as a matter of law, recover the damages they seek, is not the seminal issue pending before this Court.[2] Furthermore, Defendants have provided no evidentiary support for their claim that it would be unduly burdensome for them to comply with Plaintiff's Requests. Lastly, the protective order on file should satisfy any concerns the Defendants have regarding the

---

[2] Defendants have filed a motion to dismiss raising the same argument. This motion is currently pending before Judge Zatkoff.

confidential nature of the information at issue.

Therefore, the Court **ORDERS** Defendants to respond to Plaintiff's Second Request for Production of Documents numbers 1 through 18 and Interrogatories numbers 1 through 12 **on or before October 6, 2006**.

C.    **Plaintiff's Motions for Sanctions**

Plaintiff also seeks sanctions in the amount for the reasonable costs and attorneys' fees associated with its Motion to Compel Responses to its First Request for Production of Documents, Motion for Sanctions and Default Against Defendants for Failure to Comply with Discovery Order and Motion for Responses to its Second Request for Production of Documents and Interrogatories. Federal Rule of Civil Procedure 37 governs sanctions for a party's failure to make or cooperate in the discovery process. Specifically, Rule 37(d) authorizes a district court to impose discovery sanctions notwithstanding the absence of an order compelling discovery. Fed. R. Civ. P. 37(d). Additionally, "[a] district court has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders." *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003)(citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991)).

The Court's review of the parties' pleadings and interactions in this case reveals that each party faults the other for their failure to timely respond to discovery requests and for the slew of discovery motions brought before this Court. It is also clear that the parties

have failed to exercise reasonable diligence in resolving their discovery disputes without court intervention. In other words, neither party comes to this Court with perfectly clean hands. Nevertheless, the Court's review also reveals that in addition to the Defendants' failure to timely respond to Plaintiff's various discovery requests, Defendants also knowingly violated this Court's January 19, 2006 discovery Order related to Plaintiff's Motion to Compel Responses to its First Request for Production of Documents.

Therefore, the Court **GRANTS IN PART** Plaintiff's "Motion for Sanctions Against Defendants for Failure to Comply with Discovery Order (Docket # 36, 44). The Court has reviewed Plaintiff's Bill of Costs and finds that $ 720 represents the reasonable amount of attorneys' fees and costs associated with Plaintiff's Motion to Compel Responses to its First Request for Production of Documents. The Court **DENIES** Plaintiff's request for further sanctions.

The Court **ORDERS** Defendants' counsel to pay sanctions in the amount of $720 to Plaintiff **on or before October 6, 2006.**

**IT IS SO ORDERED.**

## Notice to the Parties

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: September 12, 2006                s/ Mona K. Majzoub
                                         **MONA K. MAJZOUB**
                                         **UNITED STATES MAGISTRATE JUDGE**


## Proof of Service

I hereby certify that a copy of this order was served upon Counsel of Record on this date.


Dated: September 12, 2006                s/ Lisa C. Bartlett
                                         **Courtroom Deputy**