UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLMAN AUTOMOTIVE
GROUP, INC.,
        Plaintiff,                  CIVIL ACTION NO.  05-CV-72620-DT

 VS.                                     DISTRICT JUDGE DAVID M. LAWSON

CAPPO MANAGEMENT         MAGISTRATE JUDGE MONA K. MAJZOUB
XVII, INC., et al.,
        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT RITZ MARKETING'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH DISCOVERY**

Before the Court is Defendant Ritz Marketing's Motion to Compel Plaintiff to Comply with Discovery filed on March 13, 2007.  (Docket no. 110).  Plaintiff has filed a Response brief.  (Docket no. 115).  The Court heard argument from counsel on April 17, 2007.  The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 111).  The matter is therefore ready for decision.

Plaintiff alleges that Defendants purchased a Toyota dealership from it and thereafter engaged in deceptive advertising by suggesting that all of Plaintiff's dealerships were closing, rather than only the Toyota dealership.  Plaintiff also operated a Pontiac/GMC dealership.  Defendant Ritz Marketing is the advertising agency that produced the commercials for Defendants' Toyota dealership, Victory Toyota.

On November 9, 2006 Defendant Ritz Marketing served requests for production of documents, requests for admissions, and interrogatories on Plaintiff.  Defendant Ritz Marketing in this motion alleges that Plaintiff has failed to respond properly to several requests and interrogatories.  The parties advised the Court at the April 17 hearing that they had resolved many of the issues raised in the motion.  The items that are unresolved are Plaintiff's responses to Interrogatories 10 and 11 and Plaintiff's response to Request for Production 18.

With respect to Interrogatory 10, Plaintiff will supplement its response with an answer specific to the "look live" type of commercials at issue stating when those commercials aired on either TV or radio. If Plaintiff does not have such information in its possession, custody or control, it is to so state.

Defendant Ritz Marketing's counsel at the hearing stated that a supplemental response to Request for Production 18 will be sufficient to resolve its objection also to Plaintiff's response to Interrogatory 11. Plaintiff will therefore supplement its response to Request for Production 18 in the manner described at the hearing. If Plaintiff has no responsive documents in its possession, custody, or control, it is to so state. Plaintiff's supplemental responses are due on or before 5:00 p.m. on May 1, 2007.

**IT IS THEREFORE ORDERED** that Defendant Ritz Marketing's Motion to Compel (docket no. 110) is **GRANTED** to the extent that on or before 5:00 p.m. on May 1, 2007 Plaintiff is ordered to serve supplemental responses to Defendant Ritz Marketing's Interrogatory 10 and Request for Production 18 as set out above.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: April 18, 2007                        s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

  I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 18, 2007        s/ Lisa C. Bartlett
                Courtroom Deputy